**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 04, 2017

Mr. Scott Sander Davies
Sebaly, Shillito & Dyer
40 N. Main Street
Suite 1900 Kettering Tower
Dayton, OH 45423

Ms. Jessie M. Gabriel
Baker Hostetler
45 Rockefeller Plaza
11th Floor
New York, NY 10111

Mr. Gary A. Gotto
Keller Rohrback
3101 N. Central Avenue
Suite 1400
Phoenix, AZ 85012

Mr. Toby Kel Henderson
Sebaly, Shillito & Dyer
40 N. Main Street
Suite 1900 Kettering Tower
Dayton, OH 45423

Ms. Lauren Marie Hilsheimer
Baker & Hostetler
200 Civic Center Drive
Suite 1200
Columbus, OH 43215

Mr. Douglas Lloyd Shively

Baker & Hostetler
127 Public Square
Suite 2000
Cleveland, OH 44114

Mr. Thomas D. Warren
Baker & Hostetler
127 Public Square
Suite 2000
Cleveland, OH 44114

      Re: Case No. 17-3091, *Rafael Cruz, et al v. PNC Bank, National Assn, et al*
        Originating Case No. : 3:16-cv-00292

Dear Sir or Madam,

 The Court issued the enclosed (Order/Opinion) today in this case.

         Sincerely yours,

         s/Cheryl Borkowski
         Case Manager
         Direct Dial No. 513-564-7035

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>
File Name: 17a0555n.06

No. 17-3091

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 04, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| RAFAEL M. CRUZ; GLORIA CRUZ; RAFAEL F. CRUZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PNC BANK, NATIONAL ASSOCIATION; PNC FINANCIAL SERVICES GROUP, INC., <br><br> Defendants-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.

PER CURIAM. Drs. Rafael M. Cruz, Gloria Cruz, and Rafael F. Cruz appeal the district court's judgment dismissing their complaint against PNC Bank, National Association, and The PNC Financial Services Group, Inc. (collectively "PNC"). As set forth below, we affirm.

The Cruzes brought this putative class action against PNC for alleged violation of the Ohio Securities Act ("OSA"), Ohio Revised Code § 1707.01 *et seq*. The Cruzes are the victims of a Ponzi scheme perpetrated by William Apostelos and his associates.[1] The Cruzes alleged that, as part of this Ponzi scheme, Apostelos sold them and other investors unregistered securities—promissory notes and corporate membership unit certificates—in violation of the

---

[1] Apostelos pleaded guilty to conspiring to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349 and aiding and abetting theft or embezzlement from an employee benefit plan in violation of 18 U.S.C. §§ 2 and 664. *United States v. Apostelos*, No. 3:15-CR-148 (S.D. Ohio filed Oct. 29, 2015). The district court sentenced Apostelos to 180 months of imprisonment. *Id.*

No. 17-3091, *Cruz v. PNC Bank, N.A.*

OSA.  According to the Cruzes, Apostelos deposited the proceeds from selling the unregistered securities into a PNC business account ("8143 Account") and made monthly interest payments to investors from that account.  The Cruzes claimed that PNC was liable for the illegal sale of unregistered securities under Ohio Revised Code § 1707.43(A), alleging that "PNC participated in or aided the sales of Unregistered Securities by, among other things, permitting Apostelos to use his 8143 Account and other PNC accounts as an essential instrument in conducting his Ponzi-scheme."

Pursuant to Federal Rule of Civil Procedure 12(b)(6), PNC moved to dismiss the Cruzes' complaint for failure to state a claim upon which relief can be granted.  The district court granted the motion to dismiss, concluding that PNC could not be held liable under Ohio Revised Code § 1707.43(A) where PNC's alleged conduct did not go beyond "normal commercial banking activities" and where PNC did not directly assist Apostelos in making any sale of unregistered securities.  This timely appeal followed.

We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6).  *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Although a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Ohio Revised Code § 1707.43(A) provides remedies for the purchaser in an unlawful sale of securities.  In addition to allowing the purchaser to void a sale or contract for sale made in violation of the OSA, section 1707.43(A) states that "[t]he person making such sale or contract

No. 17-3091, *Cruz v. PNC Bank, N.A.*

for sale, and every person that has participated in or aided the seller in any way in making such sale or contract for sale, are jointly and severally liable to the purchaser . . . for the full amount paid by the purchaser." Ohio Rev. Code § 1707.43(A). Liability under section 1707.43(A) "targets the sales transaction" and "requires an act of participation or assistance in the sale and some form of remuneration, either direct or indirect." *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 755 F. Supp. 2d. 857, 884-85 (S.D. Ohio 2010). In determining whether section 1707.43(A) imposes liability, the Ohio courts have considered several actions that could give rise to liability:

> These factors include relaying information, such as the proposed terms of the sale, from the sellers to the investors, arranging or attending meetings between the investors and the sellers, collecting money for investments, distributing promissory notes and other documents to the investors from the sellers, distributing principal and interest payments to the investors, and actively marketing the security or preparing documents to attract investors.

*Wells Fargo Bank v. Smith*, No. CA2012-04-006, 2013 WL 938069, at *5 (Ohio Ct. App. Mar. 11, 2013).

The Cruzes failed to allege any facts indicating that PNC participated in or aided Apostelos in selling unregistered securities to investors, let alone that PNC even knew about those sales. According to the Cruzes, "PNC participated in or aided the sales of Unregistered Securities by, among other things, permitting Apostelos to use his 8143 Account and other PNC accounts." But "[t]he willingness of a bank to become the depository of funds does not amount to a personal participation or aid in the making of a sale" under section 1707.43(A). *Wells Fargo Bank*, 2013 WL 938069, at *6 (alteration in original) (quoting *Hild v. Woodcrest Ass'n*, 391 N.E.2d 1047, 1058 (Montgomery Cty. Ct. Com. Pl. 1977)). The Cruzes made the conclusory assertion that "PNC took steps, through one or more of its local branch employees, to actively promote the scheme" but failed to allege any facts showing that PNC or its employees "actively

No. 17-3091, *Cruz v. PNC Bank, N.A.*

promoted" the sale of unregistered securities to investors.  Instead, in support of this assertion, the Cruzes alleged that PNC approved suspicious outgoing transfers from Apostelos's accounts, approved transfers among his accounts, authorized overrides to funds or account holds, adopted special rules related to his extraordinary cash withdrawals, failed to file a suspicious activity report, and failed to shut down his accounts "in the face of overwhelming evidence of fraud." These allegations involve PNC's management of Apostelos's depository accounts and fail to show any connection between PNC and the securities transactions.  The crux of the Cruzes' complaint is that "PNC knew or should have known Apostelos was using the PNC accounts to launder money as part of some larger criminal undertaking."  Such an allegation, however, even if true, is insufficient to impose liability under section 1707.43(A).

Because the Cruzes failed to allege any facts indicating that PNC participated in or aided Apostelos in selling unregistered securities to investors, the district court properly dismissed their complaint for failure to state a claim under Ohio Revised Code § 1707.43(A).  Accordingly, we **AFFIRM** the district court's judgment.